**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| SKY CAPITAL GROUP, LLC, an Idaho limited liability company, d/b/a Roady's Truck Stops, <br><br> Plaintiff, <br><br> vs. <br><br> LAURA ROJAS, an individual; CHUCK WITZEL, an individual; JOHN DOES 1-10; and JOHN DOE CORPS 1-10, <br><br> Defendants. | Case No.  1:09-CV-00083-EJL <br><br> **MEMORANDUM ORDER** |

Pending before the Court in the above-entitled matter is Defendants' motion to dismiss.[1]  The parties have filed their responsive briefing and the matter is now ripe for the Court's consideration.  Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record.  Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this motion shall be decided on the record before this Court without oral argument.  Local Rule 7.1(d)(2)(ii).

---

[1] The Plaintiff has filed a Motion for Preliminary Injunction that is also ripe that the Court will rule on in a separate order.

MEMORANDUM ORDER - 1
S:\Orders\Orders09\SkyCapital_hacking.frm

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, Sky Capital Group, LLC, is an Idaho limited liability company doing business as Roady's Truck Stops ("Roady's"). Roady's principle place of business is in Idaho and it transacts business from its offices in New Plymouth, Idaho. (Dkt. No. 1, p. 2). Defendants are two individuals who were employees of two companies purchased by Roady's. When Roady's purchased the companies it hired the Defendants as Roady's employees, retaining their positions as Regional Managers. (Dkt. No. 1, p. 3). Both Defendants are located outside of Idaho with Laura Rojas being a resident of the state of Florida and Chuck Witzel being a resident of the state of Wisconsin. (Dkt. No. 7, p. 3). Roady's initiated this lawsuit against the Defendants alleging various causes of action relating to the Defendants' allegedly unlawful conduct in accessing Roady's administrative and email servers located in Idaho for the purpose of stealing trade secrets and other proprietary information. (Dkt. No. 1, Ex. 11).[2] Roady's claims the Defendants engaged in such conduct after their employment with Roady's had ended for the purpose of starting their

---

[2] Roady's initially filed its complaint in Idaho state court and it was later removed by the Defendants to this Court. (Dkt. No. 5). Roady's filed a motion to remand which was later withdrawn. (Dkt. No. 20).

own company to directly compete with Roady's.[3] Defendants have filed the instant motion to dismiss on the grounds that this Court lacks personal jurisdiction over the Defendants.

## STANDARD OF LAW

In a Rule 12(b)(2) motion to dismiss, the plaintiff bears the burden of proof to show that jurisdiction is appropriate and that the Court has personal jurisdiction over the defendants. Doe v. Unocal Corp., 248 F.3d 915, 922 (9th Cir. 2001); National Union Fire Insurance Co. v. Aerohawk Aviation, Inc., 259 F. Supp. 2d 1096, 1101 (D. Idaho 2003). "'[W]hen a district court acts on a defendant's motion to dismiss without holding an evidentiary hearing, the plaintiff need make only a prima facie showing of jurisdictional facts to withstand the motion to dismiss. That is, the plaintiff need only demonstrate facts that if true would support jurisdiction over the defendant.'" Doe, 248 F.3d at 922 (quoting Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 11995) (citations omitted). "Where not directly controverted, a plaintiff's version of the facts is taken as true for the purposes of a 12(b)(2) motion to dismiss." National Union Fire, 259 F. Supp. 2d at 1101. Therefore, the motion to dismiss will be decided on written submissions, with the facts accepted as presented by the plaintiff and any factual disputes being resolved in Roady's favor. See Lake v. Lake, 817

---

[3] The claims in the complaint are as follows:
Count I - Breach of Idaho Trade Secrets Act
Count II - Tortious Interference with Prospective Economic Advantage
Count III - Tortious Interference with Contract
Count IV - Unfair Competition
Count V - Conversion
Count VI - Breach of Contract and Implied Covenants
Count VII - Slander and Business Disparagement

MEMORANDUM ORDER - 3
S:\Orders\Orders09\SkyCapital_hacking.frm

F.2d 1416, 1420 (9th Cir. 1987); Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004). "The written materials may consist of the pleadings, declarations, affidavits, deposition testimony, exhibits or other evidence." Chandler v. Roy, 985 F.Supp. 1205, 1209 n. 2 (D. Ariz. 1997) (citing Ballard, 65 F.3d at 1498; Data Disc, Ind. v. Systems Tech. Associates, Inc., 557 F.2d 1280, 1285 (9th Cir. 1977); and Omeluk v. Langsten Slip & Batbyggeri A/S, 52 F.3d 267, 268 (9th Cir. 1995)).

## DISCUSSION

Personal jurisdiction over both parties is required before a court may decide a case in controversy. U.S. CONST. Amend. XIV. Two forms of personal jurisdiction exist - general and specific. Helicopteros Nacionales de Colombia v. Hall, 466 U.S. 408 (1984). In order to exercise either type of personal jurisdiction, the state's long-arm statute must be satisfied and the exercise of personal jurisdiction must comply with due process. See State of Idaho v. M.A. Hanna Co., 819 F. Supp. 1464 (D. Idaho 1993). The Idaho long-arm statute, as it relates to this case, enables Idaho courts to exercise personal jurisdiction over any person or company who are engaged in the "transaction of any business within this state" or when a tortious act is committed within the state. Idaho Code §5-514. In adopting § 5-514, the Idaho Legislature intended to exercise all the jurisdiction available to the State of Idaho under the due process clause of the United States Constitution. Houghland Farms, Inc. v. Johnson, 803 P.2d 978, 981 (Idaho 1990); see also Lake, 817 F.2d at 1420 (determining federal cases provide guidance in determining whether personal jurisdiction exists). Thus,

MEMORANDUM ORDER - 4
S:\Orders\Orders09\SkyCapital_hacking.frm

the Court need only determine whether asserting personal jurisdiction complies with due process. M.A. Hanna Co., 819 F.Supp. 1464. Here, Plaintiff claims both Specific and General Jurisdiction exist.[4]

When a state exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum, the state is exercising "specific jurisdiction" over the defendant. Helicopteros, 466 U.S. at 414 n. 8. It is well established in the Ninth Circuit that three conditions must be met before a court may exercise specific personal jurisdiction over a nonresident defendant: (A) the nonresident defendant must purposefully conduct activities within the forum; (B) the claim must arise or result from forum-related activities; and © the exercise of jurisdiction must be reasonable. Doe, 248 F.3d at 923; see also Ballard, 65 F.3d at 1498. If the plaintiff fails to satisfy either of the first two prongs, personal jurisdiction is not established in the forum state. If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to "present a compelling case" that the exercise of jurisdiction would not be reasonable. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476- 78 (1985).

A)      Purposefully Conduct Activities

The requirement that the defendant do some act purposefully to avail itself of the laws of the forum state ensures that a person is not hauled into court as the result of random, fortuitous, or attenuated contacts or on account of the unilateral activity of third parties.

---

[4] Because the Court concludes here that specific jurisdiction exists, it is unnecessary to discuss general jurisdiction.

MEMORANDUM ORDER - 5
S:\Orders\Orders09\SkyCapital_hacking.frm

Burger King, 471 U.S. at 475. Thus, the Court must examine whether Defendants' activities were directed purposefully toward the forum. Id. at 2184. "Purposeful availment, which satisfies the first part of the Ninth Circuit test, requires a finding that the defendant '[has] performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state.'" Doe, 248 F.3d at 923 (citing Sher v. Johnson, 911 F.2d 1357, 1362 (9th Cir. 1990) (quoting Sinatra v. National Enquirer, Inc., 854 F.2d 1191, 1195 (9th Cir. 1988)).

Incorporating the standards set forth in Burger King, the Ninth Circuit has expounded upon the requirements for purposeful availment, noting that purposeful direction of some act having effect in the forum constitutes sufficient contact to exert jurisdiction, and that a lesser showing of contacts with the forum may be sufficient if considerations of reasonableness so require. Doe, 248 F.3d at 923 (citing Haisten v. Grass Valley Medical Reimbursement Fund, LTD, 784 F.2d 1392, 1397 (9th Cir. 1986)). In tort cases, the purposeful availment prong focuses on a purposeful direction analysis.[5] See, e.g., Schwarzenegger, 374 F.3d at 801-02. This is true when either intentional or negligent tort claims are alleged. See, e.g., Ziegler v.

---

[5]

We [the Ninth Circuit] often use the phrase "purposeful availment," in shorthand fashion, to include both purposeful availment and purposeful direction, but availment and direction are, in fact, two distinct concepts. A purposeful availment analysis is most often used in suits sounding in contract. A purposeful direction analysis, on the other hand, is most often used in suits sounding in tort.
. . .
A showing that a defendant purposefully directed his conduct toward a forum state, by contrast, usually consists of evidence of the defendant's actions outside the forum state that are directed at the forum, such as the distribution in the forum state of goods originating elsewhere.

Schwarzenegger, 374 F.3d at 802 (citations omitted).

Indian River County, 64 F.3d 470, 473-74 (9th Cir.1995); Whalen v. National Occupational Health Strategies, LLC, 2006 WL 223741 (W.D. Wash. Jan 25, 2006).

Where intentional torts are alleged, courts apply the "effects test" of Calder v. Jones, 465 U.S. 783, 789-90 (1984) to determine whether the defendant has purposefully availed him or her self to personal jurisdiction in the forum state. Panavision Int'l, L.P. v. Toeppen, 141 F.3d 1316, 1321 (9th Cir. 1998) ("In tort cases, jurisdiction may attach if the defendant's conduct is aimed at or has an effect in the forum state."); Caruth v. Int'l Psychoanalytical Ass'n, 59 F.3d 126, 128 n. 1 (9th Cir. 1995) (applying effects test to defamation, tortious interference with business relations, and intentional infliction of emotional distress); Brainerd v. Governors of the Univ. of Alberta, 873 F.2d 1257, 1259 (9th Cir. 1989) (applying effects test to defamation and tortious interference with contract claims). Under the "effects test," personal jurisdiction is based on: "(1) intentional actions (2) expressly aimed at the forum state; (3) causing harm, the brunt of which is suffered--and which the defendant knows is likely to be suffered--in the forum state." Panavision, 141 F.3d at 1321, quoting Core-Vent, 11 F.3d at 486. The "effects test" is another way of assessing the defendant's relevant contacts with the forum state as the defendant must still "purposefully avail" itself of the privilege of conducting activities within the forum state. Wallace v. Herron, 778 F.2d 391 (7th Cir. 1985).

In applying the effects test, the majority of courts that have looked at this question have held that "the mere allegation that the plaintiff feels the effect of the defendant's

MEMORANDUM ORDER - 7
S:\Orders\Orders09\SkyCapital_hacking.frm

tortious conduct in the forum because the plaintiff is located there is insufficient to satisfy Calder." See IMO Industries, Inc. v. Kiekert AG, 155 F.3d 254, 263-63 (3rd Cir. 1998). This Court agrees that it cannot automatically infer that the Defendants expressly aimed their tortious conduct at Idaho from the fact the Defendants likely knew Roady's was located in Idaho. See Cybersell,Inc. v. Cybersell, Inc., 130 F.3d 414 (9th cir. 1997). Instead, there must be "something more" to demonstrate the Defendants directed their activity toward the forum state. See Panavision, 141 F.3d at 1322; Schwarzenegger, 374 F.3d at 802. The internet has made applying the traditional touchstones for personal jurisdiction challenging. Ever so slowly courts have addressed the personal jurisdiction questions in internet cases, to arrive at a point now where there may not be bright lines to guide us; but there are definitely guidelines emerging. Merely owning a website or posting to a website is not sufficient to establish purposeful availment for specific jurisdiction. Cybersell, 130 F.3d at 418; Medinah Mining, Inc. v. Amunategui, 237 F.Supp.2d 1132, 1135 (D. Nev. 2002). In such cases, there has been "'something more' to indicate that the defendant purposefully... directed his activity in a substantial way to the forum state." Cybersell, 130 F.3d at 418. Applying these principles here, the Court finds Roady's has satisfied the first prong in the jurisdictional analysis.

1)      Intentional Actions:

Roady's alleges the Defendants unlawfully accessed its servers which are located in Idaho. Roady's claims the information unlawfully accessed and taken by the Defendants involves trade secrets that the Defendants used to form a company to directly compete with Roady's. In doing so, Defendants cause damages to Roady's in Idaho. The Defendants counter arguing that merely accessing Roady's servers is an insufficient basis for this Court to exercise personal jurisdiction over the Defendants in Idaho. The Defendants maintain they have not availed themselves of the forum in Idaho because neither has ever been to Idaho; neither owns, uses, or possesses any property in Idaho; neither has signed a contract in Idaho or transacted business in Idaho; and none of their clients are located in Idaho. (Dkt. No. 7, p. 3). The Court disagrees.

Here, Roady's argues the "intentional actions" committed by the Defendants are their repeated accessing of Roady's servers and taking Roady's proprietary information. Roady's alleges that the "Defendants logged on to Roady's computer systems located in Idaho and viewed and/or recorded customer lists, vendor lists, pricing information, marketing information and other valuable customer and company information ("Proprietary Information")." (Dkt. No. 1, p. 3). Defendants used the Proprietary Information they gathered during and after their employment to attempt to set up a new company and steal Roady's customer base. (Dkt. No. 1, pp. 3-4). The Court finds these allegations, if true, are sufficient to satisfy the intentional actions prong. The Defendants' conduct, as alleged by

Roady's, involved remotely accessing Roady's computer system and email server for a number of days after they had quit their employment with Roady's. (Dkt. No. 1, p. 3). Such alleged actions by the Defendants was specifically aimed at and targeted Roady's in Idaho. See Core-Vent Corp. v. Nobel Industries AB, 11 F.3d 1482, 1486 (9th Cir. 1993). Accordingly, the Defendants conduct and connection with Idaho were such that they should have reasonably anticipated being sued in Idaho. Thomas Jackson Publishing, Inc. v. Buckner, 625 F. Supp 1044, 1046 (D. Neb. 1985); Brayton Purcell, LLP v. Recordon & Recordon, 361 F. Supp. 2d 1135 (N.D. Cal. 2005). The alleged facts demonstrate the "something more" that is required under the effects test to satisfy the purposeful availment requirement for specific, personal jurisdiction. This is not a case like those cited by the Defendants where the plaintiff alleges a defendant merely posted to or logged on to the plaintiff's website. Here, the Defendants allegedly repeatedly accessed Roady's servers for the purpose of retrieving confidential information. Such conduct amounts to intentional actions aimed at Roady's who is located in Idaho.

  2) <u>Expressly Aimed at the Forum State</u>

As to the second prong, the Ninth Circuit defines "expressly aimed" to mean "when the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state." Bancroft & Masters, Inc. v. Augusta Nat'l, Inc., 223 F.3d 1082, 1087 (9th Cir. 2000). The Ninth Circuit has cautioned, however, that any foreign act with foreseeable effects in the forum state does not always give

rise to personal jurisdiction. Bancroft, 223 F.2d at 1087; see also Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 804-5 (9th Cir. 2004). "Instead, ... 'something more' is required to establish that the defendant expressly aimed its conduct at the forum." Medinah Mining, 237 F.Supp.2d at 1137. In order for the "express aiming" element of the effects test to be satisfied, the Defendant must know that the plaintiff is a resident of the forum state and that the harm resulting from the intentional act will be suffered in the forum state. Bancroft, 223 F.2d at 1087; Medinah Mining, 237 F.Supp.2d at 1137; see also Calloway Golf Corp. v. Royal Canadian Golf Ass'n, 125 F.Supp.2d 1194, 1200-1 (C.D. Cal. 2000).

Here, both Defendants argue they have no knowledge of where Roady's servers are located. (Dkt. No. 7, p. 3). Roady's asserts that the Defendants knew it was located in Idaho based on its prior contacts with Roady's. Regardless of whether the Defendants had actual knowledge of where Roady's servers were located, the Defendants' prior employment dealings with Roady's evidences that they knew Roady's to be located in Idaho. Such dealings include the Defendants' participation in weekly staff meetings held in Idaho, reporting to Roady's management in Idaho, utilizing staff support in Idaho, and generally conducted all of their business through Roady's Idaho offices. (Dkt. No. 13, p. 6). Even though Defendants' contacts with Roady's were made remotely, they demonstrate that Defendants knew Roady's to be located in and operating out of the state of Idaho.

The allegations in this case are that Defendants unlawful accessing of Roady's computer systems was for the purpose of taking proprietary information from Roady's in

order to create a business and steal Roady's customer base. Such an allegation, if true, satisfies the "express aiming" element. The Defendants alleged actions were intentional and directed at Roady's. The alleged actions were not merely contacts with Idaho that could have foreseeable effects in Idaho. Here, the actions were aimed at an Idaho business. The "something more" is that the Defendants allegedly used their employment with that Idaho business to access its proprietary information and then use that information to directly compete with the Idaho business. If the allegations are true, it was not only foreseeable but certain that their conduct would harm Roady's in Idaho. As such, the Court finds the conduct allegedly engaged in by the Defendants was expressly aimed at Idaho.

### 3)   Causing Harm in the Forum State

As to the final prong, requiring the causing of harm the defendant knows is likely to be suffered in the forum state, the Court finds this has also been met. Based on the foregoing, the Defendants knew Roady's to be located and based in Idaho given their prior employment contacts with Roady's in Idaho. The Defendants knew that the harm suffered by Roady's from their allegedly unlawful conduct which was aimed at Roady's would be suffered in Idaho.

### B)   Claims Arise or Result from Forum Related Activities

The second part of the test for specific personal jurisdiction directs that the Court determine whether the plaintiff's claims "arise out" of the defendants' forum-related activities. To do so, the Ninth Circuit has adopted a "but for" analysis. See Ballard, 65 F.3d

at 1500 (citing Shute v. Carnival Cruise Lines, 897 F.2d 377, 381 (9th Cir. 1990), reversed on other grounds, 499 U.S. 585 (1991)).  Thus, specific personal jurisdiction is proper here only where "but for" Defendants' activities in Idaho, Roady's injuries would not have occurred.

Roady's claims against Defendants are:  Breach of Idaho Trade Secrets Act; Tortious Interference with Prospective Economic Advantage; Tortious Interference with Contract; Unfair Competition; Conversion; Breach of Contract and Implied Covenants; Slander and Business Disparagement. (Dkt. No. 1).  These claims are derived from Roady's allegations discussed above that satisfied the purposeful availment/direction prong.  But for the alleged conduct of the Defendants in targeting Roady's, the alleged injuries to Roady's would not have occurred.  Accordingly, the Court finds that the claims here arise out of the Defendants' forum-related activities.  Roady's claims against Defendants are derived from the Defendants' intentional conduct with Roady's servers located in Idaho such that the claims arise out of the alleged violating conduct.  But for Defendants' alleged conduct, the injury in Idaho would not have occurred.  Thus, Roady's claims arise out of the Defendants' Idaho-related activities.

C)     Reasonableness of Exercising Jurisdiction

Finally, the Court must determine whether the exercise of jurisdiction is reasonable looking at seven factors: existence of an alternative forum; burden on the defendant; convenience and effectiveness of relief for the plaintiff; most efficient judicial resolution of the dispute; conflict with sovereignty of the defendants' state; extent of purposeful interjection; and the forum state's interest in the suit. Brand v. Menlove Dodge, 796 F. 2d 1070, 1075 (9th Cir. 1986). It is well established that in determining personal jurisdiction the court must focus primarily on "the relationship among the defendant, the forum, and the litigation." Shaffer v. Heitner, 433 U.S. 186, 204 (1977).

Defendants argue even if the Court finds Roady's has carried its burden on the first jurisdictional two prongs, specific jurisdiction is still not proper in Idaho when considering the seven reasonableness factors. The Court, however, finds the reasonableness factors support exercising personal jurisdiction in Idaho as it comports with "fair play and substantial justice." Paccar Int'l v. Commerical Bank of Kuwait, S.A.K., 757 F.2d 1058 (9th Cir. 1985). Roady's alleges the Defendants' actions were done knowing Roady's is located in Idaho. Thus, the factor of purposeful injection weighs in Roady's favor. The burden of litigating the case on the parties is relatively equal regardless of whether the case is tried in Idaho or the midwest. Idaho has a strong interest in providing redress for its resident's tortious injury occurring in Idaho. The parties agree that there is no conflict with sovereigns in this case. In considering the efficient judicial resolution of this case, the Court finds this too is a wash.

Either federal district court would manage the case efficiently and effectively to properly allocate judicial resources. Ultimately, having considered the foregoing, the Court holds that because the alleged violating conduct resulted in an injury in Idaho, coupled with the fact that the Defendants knew Roady's business was based in Idaho, and Idaho's interest in resolving such claims outweighs the little burden or inconvenience the Defendants will face in litigation the case in this forum. Accordingly, exercising personal jurisdiction over the Defendants in Idaho is reasonable.

## ORDER

THEREFORE IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (Dkt. No. 7) is **DENIED**.

DATED:  **April 30, 2009**

Honorable Edward J. Lodge
U. S. District Judge