**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| SKY CAPITAL GROUP, LLC, an Idaho limited liability company, d/b/a Roady's Truck Stops, <br><br> Plaintiff, <br><br> vs. <br><br> LAURA ROJAS, an individual; CHUCK WITZEL, an individual; JOHN DOES 1-10; and JOHN DOE CORPS 1-10, <br><br> Defendants. | Case No. 1:09-CV-00083-EJL <br><br> **MEMORANDUM ORDER** |

Before the Court in the above-entitled matter is the Plaintiff's second motion for preliminary injunction, motion to amend complaint, and Defendants' motion to strike. The parties have filed their responsive briefing on the motions and the matters are ripe for the Court's consideration. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the motions shall be decided on the record before this Court without oral argument. Local Rule 7.1(d)(2)(ii).

**Factual and Procedural Background**

On February 3, 2009, the Plaintiff, Sky Capital Group, LLC, d/b/a Roady's Truck Stops (hereinafter "Roady's"), filed a complaint in Idaho state

**MEMORANDUM ORDER- 1**

court against the Defendants, Laura Rojas and Chuck Witzel, who were employees of two companies purchased by Roady's in early 2007.[1] After Roady's purchased the two companies, it hired the Defendants as Roady's employees and retained them in their positions as Regional Managers. (Dkt. No. 1, p. 3). On November 24, 2008, both Defendants ended their employment with Roady's. Thereafter, Roady's alleges the Defendants unlawfully accessed Roady's administrative and email servers for the purpose of stealing trade secrets and other proprietary information. (Dkt. No. 1, Ex. 11). Specifically, Roady's contends that the Defendants accessed and stole their secret and proprietary information in the form of customer lists, pricing information, and marketing information. Roady's claims the Defendants engaged in such conduct for the purpose of starting their own company, Interstate Truck Stop Network (ITN), to directly compete with Roady's. As a result, Roady's initiated this lawsuit against the Defendants claiming: Breach of Idaho Trade Secrets Act; Tortious Interference with Prospective Economic Advantage; Tortious Interference with Contract; Unfair Competition; Conversion; Breach of Contract and Implied Covenants; and Slander and Business Disparagement. (Dkt. No. 1).[2] Roady's also filed a motion for preliminary injunction seeking to enjoin the Defendants from "using, disclosing, or transmitting any and all information improperly procured while Defendants were

---

[1] Both Defendants are located outside of Idaho with Laura Rojas being a resident of the state of Florida and Chuck Witzel being a resident of the state of Wisconsin. (Dkt. No. 7, p. 3).

[2] Roady's initially filed its complaint in Idaho state court and it was later removed by the Defendants to this Court. (Dkt. No. 5). Roady's filed a motion to remand which was later withdrawn. (Dkt. No. 20).

**MEMORANDUM ORDER- 2**

employed with Roady's, and improperly procured through access to Roady's computer systems and e-mail servers after terminating their employment with Roady's. The information includes but is not limited to: customer lists, vendor lists, pricing information, marketing information and other valuable customer and company information." (Dkt. No. 3, pp. 1-2). The Court denied that motion on May 14, 2009. (Dkt. No. 31)

Roady's has now filed its second motion for preliminary injunction seeking to enjoin the Defendants and ITN from "contacting any of Roady's current customers in violation of a valid non-compete agreement" and "from interfering with Roady's current contracts." (Dkt. No. 35, p. 2). In addition, Roady's has moved for leave to amend their complaint to add ITN as a named Defendant, amend its jurisdictional allegations, add a cause of action for violation of the computer fraud abuse act, add additional allegations supporting its conversion and unfair competition causes of action, and to amend its request for preliminary injunction. (Dkt. No. 36, p. 2). Defendants oppose the second motion for preliminary injunction and oppose the motion to amend the complaint to the extent that it seeks to add ITN as a named Defendant. (Dkt. No. 37, 40).

## Analysis

I.   Second Motion for Preliminary Injunction

A.   Standard of Law

Preliminary injunctions are designed to preserve the status quo pending the ultimate outcome of litigation and to prevent irreparable harm. See

**MEMORANDUM ORDER- 3**

Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984). They are governed by Federal Rule of Civil Procedure 65(a). While courts are given considerable discretion in deciding whether a preliminary injunction should enter, injunctive relief is not obtained as a matter of right and it is considered to be an extraordinary remedy that should not be granted unless the movant, by a clear showing, carries the burden of persuasion. See Sampson v. Murray, 415 U.S. 61 (1974); Brotherhood of Locomotive Engineers v. Missouri-Kansas-Texas R. Co., 363 U.S. 528 (1960); and Stanley v. Univ. of Southern California, 13 F.3d 1313 (9th Cir. 1994). "A preliminary injunction is an 'extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" Saini v. International Game Tech., 434 F.Supp.2d 913, 919 (D. Nev. 2006) (citing Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quoting 11A Charles Alan Wright & Arthur Miller, Federal Practice & Procedure § 2948 (2d ed.1995)).

      Until recently the preliminary injunction standard in the Ninth Circuit was that a party is entitled to a preliminary injunction when it can demonstrate either: (1) a combination of probable success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits, where the balance of hardships tips sharply in plaintiff's favor. GoTo.com, Inc. v. Walt Disney Co., 202 F.3d 1199, 1204-05 (9th Cir. 2000). The Supreme Court, however, found the "possibility of irreparable harm" standard to be too lenient and held that a plaintiff must demonstrate that irreparable injury is "likely in the

**MEMORANDUM ORDER- 4**

absence of an injunction." <u>Winter v. Natural Resources Defense Council</u>, ___ U.S. ___, 129 S.Ct. 365, 375 (2008). "Issuing a preliminary injunction based only a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." <u>Id.</u> at 375-76 (citing <u>Mazurek v. Armstrong</u>, 520 U.S. 968, 972 (1997) (per curiam)). Because a preliminary injunction is an extraordinary remedy, "[i]n each case, courts 'must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief.'" <u>Id</u>. at 376 (citing <u>Amoco Production Co. v. Gambell</u>, 480 U.S. 531, 542 (1987)). "In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." <u>Id.</u> at 376-77 (citations and quotations omitted). Thus, no longer are plaintiffs granted the presumption of irreparable harm upon a showing of a likelihood of success on the merits. Instead, plaintiffs seeking a preliminary injunction must establish they are likely to succeed on the merits, that they are likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. <u>Jacobsen v. Katzer</u>, CV 06-01905-JSW, 2009 WL 29881 *8 (N.D. Cal. Jan. 5, 2009). The Ninth Circuit recently recognized the applicability of the <u>Winter</u> decision in this Circuit and stating the rule as: "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the

**MEMORANDUM ORDER- 5**

absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." See American Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir 2009) (quoting Winter, 129 S.Ct. at 374). This Court will apply the standard articulated in Winter and recognized in this Circuit.

      B.    Discussion:

The Court's Order on the first motion for preliminary injunction concluded that Roady's had not demonstrated a likelihood of success on the merits of some of its claim but had done so on certain of their other claims. (Dkt. No. 31). The Court denied that motion for preliminary injunction because it found that Roady's had not shown a likelihood of irreparable damage. Roady's now contends that because the Court's prior Order denying preliminary injunction concluded that it was likely to succeed on it claims for breach of contract and tortious interference, it need now only demonstrate irreparable injury in order to obtain a preliminary injunction. (Dkt. No. 35, p. 4). Roady's argues this second motion for preliminary injunction is distinct from the first in that the relief is not based on alleged trade secret violations but is, instead, sought to "stop Defendants from breaching valid and enforceable covenant not to compete, and to otherwise stop Defendants from unlawfully interfering with contracts between Roady's and its current customers." (Dkt. No. 35, p. 3). Roady's argues it is suffering irreparable damage from the Defendant's continued violations of the non-compete agreement and continued interferences with Roady's current contracts such that Roady's is

**MEMORANDUM ORDER- 6**

unable to meet some of its purchasing obligations in its vendor agreements which is, they argue, immediately threatening to Roady's business model and viability. (Dkt. No. 35, p. 3).

The harm is irreparable, Roady's maintains, because it is not monetary but, instead, a loss of buying power in the form of leverage to negotiate discounts with national vendors. These vendor agreements have quotas requiring Roady's to purchase a certain amount of goods or services. (Dkt. No. 35, p. 6). The loss of customers, Roady's argues, impacts its ability to fulfill these quotas and could result in a loss of vendor agreements which, in turn, places Roady's entire business model in immediate jeopardy. Roady's points to thirty of its previous customers, amounting to ten percent of its market share, that they claim have terminated their contracts with Roady's. Of these customers, Roady's asserts, "a great majority" are now listed as ITN customers.[3] Defendants oppose the

---

[3] The subject of the Defendants' motion to strike is the second declaration of Kelly Rhinehart. (Dkt. No. 45). The objectionable declaration was filed in conjunction with Roady's reply briefing. (Dkt. No. 44). The declaration relates to Mr. Rhinehart's findings using e-Stop.com which, he states, shows truck stops who were serviced by Roady's during the Defendants' employment. Generally, supporting affidavits are to be filed with the initial motion and memorandum so as to allow the opposing party an opportunity to respond. See Fed. R. Civ. P. 6(c)(2). Reply affidavits are proper only where they are in response to the opposing party's response brief. See Doolittle v. Structured Investments Co., LLC 2008 WL 5121591 *3 (D. Idaho 2008) (quoting Peters v. Lincoln Elec. Co., 285 F.3d 456, 477 (6th Cir. 2002) ("While the Rules are silent as to timing matters with reply affidavits, precedent establishes that, in the face of new evidence, the court should permit the opposing party an opportunity to respond" so long as no element of surprise or prejudice is created by doing so.)). Although the declaration states it is provided to rebut the Defendants' response brief, (Dkt. No. 45, ¶ 10), the allegations contained therein relate to arguments made in Roady's opening brief and first declaration. (Dkt. No. 35, p. 6) (Dkt. No. 35-2, ¶ 10). The second declaration provides more detailed information regarding Roady's allegations which the Defendants raised questions to in their responsive briefing. The information was apparently obtained after the Defendants filed their response briefing to specifically address the Defendants' arguments regarding the number and specifics of the truck stops lost allegedly due to the actions of the Defendants. As such, it does not appear Roady's acted in bad faith in filing the second declaration. However, the Defendants may be prejudiced by not being afforded the opportunity to respond to the second declaration. The remedy would be to allow the Defendants an opportunity to file a sur reply for the limited purpose of addressing the second declaration. In light of the Court's ruling on the motion, however, the Court finds it unnecessary for such sur reply to be filed. As such, the Court will deem the motion to strike moot. The Court makes no determination as to

**MEMORANDUM ORDER- 7**

motion arguing Roady's has not shown irreparable injury, the requested relief is too vague, and it seeks to apply the injunction upon ITN who is not a party to this case. (Dkt. No. 40).[4]

1. <u>Likelihood of Success on the Merits</u>

The Court's determination as to the likelihood of success on the merits of Roady's claims remains the same as determined in the Court's prior Order. (Dkt. No. 31). Accordingly, the Court will adopt the findings articulated in its prior order as to the likelihood of success and consider below whether Roady's has shown irreparable injury warranting entry of the requested preliminary injunction.

2. <u>Irreparable Injury</u>

As stated previously, a preliminary injunction requires the moving party to show "he is likely to suffer irreparable harm in the absence of preliminary relief." <u>Winter</u>, 129 S.Ct. at 374. Irreparable harm exists where monetary damages provide inadequate relief, for example in cases involving environmental damage or human suffering. <u>See, e.g.</u>, <u>Save Our Sonoran, Inc. v. Flowers</u>, 408 F.3d 1113, 1120, 1124 (9th Cir. 2005) (environmental); <u>Rodde v. Bonta</u>, 357 F.3d 988, 999 (9th Cir. 2004) (human suffering). "[A] preliminary injunction should only be granted if the movant does not have an adequate remedy at law." <u>Saini</u>,

---

whether such evidence is credible or admissible.

[4] As to the applicability of any injunctive relief to ITN, in light of the Court's ruling on the motion for preliminary injunction there is no need to discuss this issue. The Court will address ITN's status in this matter below in its discussion of the motion to amend the complaint.

**MEMORANDUM ORDER- 8**

434 F.Supp.2d at 918-19 (citations omitted).  Applying these principles to the record here, the Court finds that Roady's has not demonstrated it is likely to suffer irreparable harm.

On the first motion for preliminary injunction, Roady's argued the harms it could suffer if Defendants are not enjoined from using their trade secrets include incurring a market disadvantage, revelation of their trade secrets, and the loss of existing and potential customers. The loss of customers, in particular, Roady's argued, is irreparable because there is little turnover in the industry and the industry's use of multi-year agreements. The second motion is not based on trade secrets violations but, instead, upon alleged breaches of a covenant not to compete and unlawful interference with contracts by the Defendants.  Here again, the second motion for preliminary injunction is based on the loss of customers which, Roady's claims, results in the loss of buying power and leveraging of its customer base and, ultimately, threatens its entire business model.  (Dkt. No. 35, p. 2).

The Court has considered these arguments but again concludes that any injury suffered by Roady's is not irreparable as it is recoverable through a monetary award.  "The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." Sampson v. Murray, 415 U.S. 61, 90 (1974); Arcamuzi v. Cont'l Air Lines, Inc., 819 F.2d 935, 938 (9th Cir. 1987) ("temporary economic loss alone generally is not a basis for injunctive relief").

**MEMORANDUM ORDER- 9**

Thus, preliminary injunctions are not warranted where they are based on a generalized threat of lost revenue, market value, and goodwill. <u>Los Angeles Memorial Coliseum Com'n v. Nat'l Football League</u>, 634 F.2d 1197, 1202-03 (9th Cir. 1980). Losses that are merely speculative are also insufficient to support a finding of irreparable harm; the injury, rather, must be actual or imminent. <u>Goldie's Bookstore v. Sup Ct.</u>, 739 F.2d 466, 472 (9th Cir. 1984) (trial court's findings that plaintiff would lose goodwill and "untold" customers held speculative on appeal). The harm alleged by Roady's here is speculative and too generalized to be considered actual or imminent.

      The damages and harms alleged by Roady's are to its customer base and, in turn, its business model. Clearly Roady's, and any business for that matter, suffers harm when it loses customers. Such damages, however, amount to losses in revenue and profits which can be adequately redressed by monetary relief. <u>See National Football League</u>, 634 F.2d at 1202-03. The Court does not disagree that if Roady's prevails, the damages it has suffered may be "substantial." However, monetary damages, even if substantial, are recoverable and "[t]ypically, monetary harm does not constitute irreparable harm." <u>California Pharmacists Ass'n v. Maxwell-Jolly</u>, ___ F.3d ___, 2009 WL 975458 * 3 (9th Cir. 2009) (citing <u>National Football League</u>, 634 F.2d at 1202); (Dkt. No. 27, p. 13-14).[5] Based on

---

[5] In <u>Maxwell-Jolly</u>, the Ninth Circuit recently stated:

> We note also that Supreme Court case law and some of our own cases clarify that economic damages are not traditionally considered irreparable because the injury can later be remedied by a damage award. <u>See</u> <u>Sampson v. Murray</u>, 415 U.S. 61, 90 (1974) ("[I]t seems clear that the temporary loss of income, ultimately to be recovered, does not usually constitute

**MEMORANDUM ORDER- 10**

the foregoing, the Court concludes that Roady's has not demonstrated the existence of irreparable damages and the motion for preliminary injunction is denied.

### 3. Balance of Hardships and the Public Interest

In addition to, establishing a likelihood of success on the merits and likelihood fo suffering irreparable harm, a plaintiff seeking a preliminary injunction must establish that the balance of equities tips in his favor, and that an injunction is in the public interest. <u>Winter</u>, 129 S.Ct. at 374 (citations omitted); <u>see also</u> <u>Continental Airlines v. Intra Brokers, Inc.</u>, 24 F.3d 1099, 1104 (9th Cir. 1994) (stating that courts should balance hardships between plaintiffs and defendants in considering injunctions). "The factors examined above-the balance of equities and consideration of the public interest-are pertinent in assessing the propriety of any injunctive relief." <u>Id.</u> at 381. "The public interest inquiry primarily addresses [the] impact on non-parties rather than parties." <u>Sammartano v. First Judicial District Court</u>, 303 F.3d 959, 974 (9th Cir. 2002).

Roady's argues the requested injunction is narrowly tailored to preclude the Defendants from violating "a valid covenant not to compete" and will

---

irreparable injury.... The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." (internal quotation omitted)); <u>Rent-A-Center, Inc. v. Canyon Television & Appliance Rental, Inc.</u>, 944 F.2d 597, 603("It is true that economic injury alone does not support a finding of irreparable harm, because such injury can be remedied by a damage award."); Caribbean Marine Servs. Co. v. Baldridge, 844 F.2d 668, 676 (9th Cir.1988); Arcamuzi v. Cont'l Air Lines, Inc., 819 F.2d 935, 938 (9th Cir.1987); Colo. River Indian Tribes v. Town of Parker, 776 F.2d 846, 850-51 (9th Cir.1985); Goldie's Bookstore, Inc. v. Superior Court, 739 F.2d 466, 471(9th Cir.1984) ("Mere financial injury ... will not constitute irreparable harm if adequate compensatory relief will be available in the course of litigation.").

**MEMORANDUM ORDER- 11**

still allow the Defendants to compete in the market. (Dkt. No. 35, p. 7). The Defendants counter that the requested injunction is too broad and vague the result of which would be to prevent the Defendants from contacting any truck stop thereby harming the Defendants and stifle competition and ingenuity. (Dkt. No. 40). Since the public has an interest in keeping businesses open and also in enforcing confidentiality agreements, the Court finds the public interest factor is a wash and the balance of hardships does not tip strongly in either sides favor.

    4.    Conclusion

Based on the foregoing and the record at this stage, the Court concludes that Roady's has demonstrated that it is likely to succeed on some of its claims but has not demonstrated that it will suffer irreparable injury. See GoTo.com, 202 F.3d at 1209 (citation omitted). The record before the Court evidences that the damages are speculative and/or are calculable monetary damages all of which are not irreparable. As such the motion for preliminary injunction is denied.

    II.    Motion to Amend Complaint

        A.    Standard of Law

Federal Rule of Civil Procedure 15(a) provides that after responsive pleading has been filed, a party may amend their pleading only by leave of the court or written consent of the adverse party. Such leave "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "Liberality in granting a plaintiff leave to amend is subject to the qualification that the amendment not cause undue prejudice to the

**MEMORANDUM ORDER- 12**

defendant, is not sought in bad faith, and is not futile. Additionally, the district court may consider the factor of undue delay." Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999) (citation omitted). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint. Futility alone can justify the denial of a motion to amend." Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004) (quoting Nunes v. Ashcroft, 348 F.3d 815, 818 (9th Cir. 2003)).

      B.    Discussion

Plaintiffs request leave to file an amended complaint to add ITN as a named Defendant, amend its jurisdictional allegations, add a cause of action for violation of the computer fraud abuse act, add additional allegations supporting its conversion and unfair competition causes of action, and to amend its request for preliminary injunction. (Dkt. No. 36, p. 2). Defendants oppose the second motion for preliminary injunction and oppose the motion to amend the complaint only to the extent that it seeks to add ITN as a named Defendant. (Dkt. No. 37, 40). As such, the Court will grant the undisputed elements of the motion without discussion and only take up that portion of the motion that is in dispute herein; the addition of ITN.

Defendants argue joinder of ITN is not proper in this case under either joinder rules, Rule 19 or Rule 20, of the Federal Rule of Civil Procedure and

**MEMORANDUM ORDER- 13**

because this Court does not have personal jurisdiction over ITN.[6]  Roady's maintains its motion to amend under Rule 15 as well as personal jurisdiction over ITN are proper.

This case was removed by the Defendants on February 27, 2009. (Dkt. No. 1).  This Court issued its Scheduling Order on July 8, 2009 setting the date for amending the pleadings or joining parties at December 18, 2009.  (Dkt. No. 34).  On August 28, 2009, Roady's filed this motion to amend the complaint.  As such, the motion is timely.  Moreover, motions to amend made under Rule 15 are to be freely given.  Having considered the instant motion in light of the five factors of bad faith, undue delay, prejudice to the opposing party, futility of

---

[6]

> Rule 19 governs required joinder of parties and states:
> (a) Persons Required to Be Joined if Feasible.
> (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.
>
> Rule 20 governs permissive joinder of parties and states:
> (a) Persons Who May Join or Be Joined.
> (1) Plaintiffs. Persons may join in one action as plaintiffs if:
> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all plaintiffs will arise in the action.

**MEMORANDUM ORDER- 14**

amendment, and whether the plaintiff has previously amended the complaint, the Court finds the same should be granted. Because it is still early in this case, the Court finds the Defendants are not prejudiced by the addition of ITN as a named party in this action nor does there appear to be any bad faith or undue delay in seeking such amendment. This is also the first request to amend the pleadings. Moreover, the interests of justice are in favor of including ITN as a party to this action given the allegations and the claims involved.

As to the question of whether or not personal jurisdiction exists over ITN, the Court has previously denied the Defendants' motion to dismiss for lack of personal jurisdiction. (Dkt. No. 28). In doing so, the Court found that the conduct alleged by Roady's in its complaint as to the named Defendants was sufficient to demonstrate specific personal jurisdiction exists. (Dkt. Nos. 1, 28). The complaint's factual allegations against the Defendants included that their conduct was for the purpose of starting their own company, ITN, to directly compete with Roady's. (Dkt. Nos. 1, 28). Based on the reasoning in the Court's prior Order (Dkt. No. 28), so too the Court finds that personal jurisdiction over ITN exists here. Accordingly, amending the complaint to add ITN is not futile and will be granted.

## ORDER

Based on the foregoing and being fully advised in the premises, the Court HEREBY ORDERS as follows:

**MEMORANDUM ORDER- 15**

1) Plaintiff's Motion for Preliminary Injunction (Dkt. No. 35) is **DENIED**.

2) Plaintiff's Motion to Amend the Complaint (Dkt. No. 36) is **GRANTED**.

3) Defendant's Motion to Strike (Dkt. No. 46) is **MOOT**.

DATED: **March 2, 2010**

_____
Honorable Edward J. Lodge
U. S. District Judge

**MEMORANDUM ORDER- 16**